# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **SSI (US), INC.**, d/b/a **SPENCER STUART**, a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 16 C 1833 ) |
| **ENGAGEPOINT, INC.**, a Florida Corporation, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This Court has just received from counsel for plaintiff SSI (US), Inc., d/b/a Spencer Stuart ("Spencer Stuart") the courtesy copy of its newly-filed Complaint against EngagePoint, Inc. ("EngagePoint"), which has been randomly assigned to its calendar. This memorandum order is issued sua sponte because of what appear to be serious problems with the filing of the Complaint in this judicial district.

Spencer Stuart's counsel has invoked diversity of citizenship as the jurisdictional predicate for bringing this as a federal action. No problems appear to be posed in that respect, because the Complaint has correctly addressed the dual corporate citizenship of each litigant in Complaint ¶¶ 4 and 5, and the amount in controversy is far in excess of the $75,000 watershed established by 28 U.S.C. § 1332(a).[1]

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

But what figuratively jumps off the pages of the Complaint is an apparent total failure to connect defendant EngagePoint to the Northern District of Illinois and thus to support bringing the lawsuit in this district. All that Complaint ¶ 7 alleges is that EngagePoint, a Florida corporation with no offices in this district (see Complaint ¶ 5), retained Spencer Stuart to carry out an executive search assignment. Nothing is said as to how that came about, most particularly as to any Illinois-based conduct by EngagePoint in having done so.

In addition to that question as to in personam jurisdiction over EngagePoint, the venue allegation in Complaint ¶ 3 seems extraordinarily suspect. All that is said in support of that paragraph's assertion that "a substantial part of the events or omissions giving rise to these claims occurred in this District" is this:

> Among other things, EngagePoint's payment due and owing to Spencer Stuart under the contract at issue will be made to Spencer Stuart's bank accounts in this District, and Spencer Stuart's accounts receivables are maintained and managed in this District.

Spencer Stuart must provide a good deal more information -- and persuasive information -- before it can be concluded that the acknowledged existence of subject matter jurisdiction under the diversity branch has appropriate underpinnings to justify this lawsuit's being brought in this judicial district. Spencer Stuart's counsel is ordered to flesh out its submission in the respects addressed in this memorandum order by a supplemental filing on or before February 16, 2016.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 2, 2016